**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Surgical Assistant Associates, LLC, an Arizona Limited Liability Company, as Assignee of Jason Alexander,<br><br>Plaintiff,<br><br>vs.<br><br>Mutual of Omaha Insurance Company,<br><br>Defendant. | No. CV-04-2281-PHX-MHM<br><br>**SETTLEMENT CONFERENCE ORDER** |

This case has been referred to United States Magistrate Judge Lawrence O. Anderson for a Settlement Conference.

The purpose of the Settlement Conference is to facilitate settlement of this case, if that is appropriate. It will be conducted in such a manner as not to prejudice any party in the event settlement is not reached. To that end, all matters communicated to the undersigned expressly in confidence will be kept confidential, and will not be disclosed to any other party. Rule 408, Federal Rules of Evidence, applies to all aspects of the Settlement Conference. All communications and information exchanges made in the settlement process, not otherwise discoverable, will not be admissible in evidence for any purpose, and shall not be used for any purpose outside the settlement process itself. At the conclusion of the Settlement Conference, all documents submitted by the parties shall be returned, destroyed, or otherwise disposed of in the manner directed by the settlement judge.

At the Settlement Conference and subject to modification by the Court depending on the uniqueness of each case, each party, through counsel or individually if unrepresented, shall give a brief presentation outlining the factual and legal highlights of that party's case and may be asked general and specific questions by the Court. Thereafter, separate and private caucuses will be held with each party, the party's representative and the settlement judge. Complete candor with the Court is not only expected but required. See, In the Matter of Fee, 182 Ariz. 597, 898 P.2d 975 (1995).

This Order mandating the parties', representatives', and insurers' physical appearance is intended to increase the efficiency and effectiveness of the Settlement Conference by reducing the time for communication of offers and expanding the ability to explore the varied options for settlement, to give the adverse parties the opportunity to hear the rationale and arguments regarding the likelihood of success of the claims/defenses directly from the lawyers who will be trying the case, to meet the litigants and representatives themselves and to hear first-hand the candid and objective comments by the unbiased settlement judge regarding the case or the judicial process.

Years of experience has taught the undersigned that the physical presence, rather than the availability by telephone, and participation of those individuals with the authority to settle cases will substantially increase the likelihood of settlement and will lead to more meaningful negotiations. Consequently, and pursuant to the authority granted to the Court in 28 U.S.C. §473(b)(5), representatives of the parties with authority to bind them in settlement discussion shall be physically present unless expressly excused by the undersigned by formal motion and order issued prior to the subject settlement conference for good cause shown.

Accordingly,

Pursuant to Rule 16, Federal Rules of Civil Procedure, and 28 U.S.C. §473 (b)(5),

**IT IS ORDERED** that:

1. Ken and Cathie Schell, company principals for Plaintiff Surgical Assistant Associates, LLC and their counsel, and counsel for Defendant Mutual of Omaha Insurance

1 Company who are responsible for trial of this case **SHALL** physically appear before the
2 undersigned settlement judge, Courtroom 302, Sandra Day O'Connor U. S. Courthouse, 401
3 West Washington Street, Phoenix, Arizona on **Wednesday, August 2, 2006 at 1:30 p.m.**
4 The Court has allocated 1½ hours for the Settlement Conference.

5       Defendant's representative, with full and complete authority to discuss settlement
6 of the case shall be available telephonically for the duration of the settlement conference if
7 they choose not to be physically present.

8       2. Experience teaches that settlement conferences are often unproductive unless
9 the parties have exchanged demands and offers of compromise before the conference and
10 have made a serious effort to settle the case on their own. Accordingly, before arriving at
11 the Settlement Conference the parties shall negotiate and make a good faith effort to settle
12 the case without the involvement of the Court. The parties shall exchange written
13 correspondence regarding settlement. The Plaintiffs' settlement demand (offer of settlement
14 terms) shall be delivered to defense counsel, the insurer(s) and corporate representative, if
15 any, not less than **20** days before the Settlement Conference Memoranda is due. Defendants'
16 response to Plaintiff's settlement demand shall be delivered to Plaintiffs' counsel not less than
17 **12** days before the Settlement Conference Memoranda is due.

18       3. If a third person or corporate entity is involved, such as, a worker's
19 compensation carrier or a health insurance carrier, who asserts a substantial lien on any
20 settlement monies for medical and hospital expenses and/or lost wages, arrangements shall
21 be made to notify said person or entity of the Settlement Conference. Plaintiffs' counsel
22 shall promptly provide a true and complete copy of this Order to said person, entity or its
23 authorized representative who is invited to appear and participate in the Settlement
24 Conference in the sole discretion of the undersigned. See, A.R.S. §23-1023(c); Stout v. State
25 Compensation Fund, 197 Ariz. 238, 3P.3d 1158 (2000).

26       4. In the absence of a prior order by the undersigned to the contrary, all
27 Settlement Conference Memoranda are to be exchanged between counsel or unrepresented
28 party no later than **five (5) business days prior to the Settlement Conference.** Counsel and

- 3 -

all individuals attending the Settlement Conference shall read and review all parties' memoranda. Counsel shall explain the settlement conference procedures to their clients and representatives before the Settlement Conference.

Each party shall provide the Court with the original of that party's Settlement Conference Memoranda, **at least, five (5) business days before the Settlement Conference**. The Settlement Conference Memoranda shall **NOT** be filed with the Clerk. The original Memoranda is to be delivered directly to the chambers of U. S. Magistrate Judge Lawrence O. Anderson or e-mailed to the udnersigned's CM/ECF Central Mailbox (anderson_chambers@azd.uscourts.gov)[1]. Each Memorandum shall address the following:

a. A brief statement of the facts of the case.

b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded, including the citation to appropriate authorities; the reasonable damages allegedly incurred by Plaintiff and, if appropriate, Counterclaimant; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

c. A summary of the proceedings to date including rulings on motions and motions outstanding, if any.

d. An estimate of the costs and time to be expended for further discovery, pretrial and trial, including past and future attorneys' and experts' fees.

e. A brief statement of the facts and issues upon which the parties agree.

f. Whether there is/are any distinct or dominant issue(s) which, if resolved, would likely aid in the disposition of the case.

g. The relief sought.

h. Each party's position on settlement, including the amount that the Plaintiff is currently willing to accept and Defendant(s) is/are willing to offer and the history of past settlement discussions, offers and demands.

---

[1]This mailbox is not to be used to communicate with the Court or his staff.

In the absence of any order by the undersigned to the contrary, each party's Settlement Conference Memoranda shall not exceed five (5) pages exclusive of attachments and shall otherwise comply with the Rules of Practice for the United States District Court for the District of Arizona. See, Rules 7.2 and 7.1(b)(1), LRCiv, Rules of Practice, District of Arizona, as amended on December 1, 2004. No responsive memorandum shall be permitted.

5. If the Settlement Conference is held, the Court will assume that the parties have agreed to separate meetings (caucuses) with the settlement judge. Ethical rules prohibit *ex parte* caucuses without such agreement. By appearing at this conference, the Court will deem that the parties have consented to this procedure and have waived any objection thereto unless a written Objection is filed not less than three (3) business days before the Settlement Conference.

6. Absent good cause shown, if any party, counsel or representative fails to promptly appear at the Settlement Conference, fails to comply with the terms of this Order, including the failure to timely provide the settlement conference memoranda, is substantially unprepared to meaningfully participate in the Settlement Conference, or fails to participate in good faith in the Settlement Conference, the settlement conference may be vacated and sanctions may be imposed pursuant to Rules 16(f) and 37(b)(2)(B) (C), and (D), Federal Rules of Civil Procedure which may include the entry of default judgment, dismissal of the Complaint and/or an award of reasonable attorney's fees and expenses and/or a finding of contempt. See, G. Heileman Brening Inc. v. Joseph Oat Corporation, 871 F.2d 648 (7th Cir., 1989); Lockhart v. Patel, M.D., supra.; Gee Gee Nick v. Morgan's Foods, Inc., supra.

7. Counsel and any party, if unrepresented by counsel, shall notify the Court in writing, at least, ten (10) business days before the Settlement Conference if one or more of the attorneys or unrepresented parties believes that the Settlement Conference would be a futile act resulting in an economic waste because, for example, a party or insurer has adopted an unreasonable position from which that party or insurer refuses to deviate. The Court will then consider whether the Settlement Conference would be helpful and, if not, whether the Settlement Conference should be canceled or other forms of alternative dispute resolutions

1  may be considered.  If there is disagreement between or among the attorneys or
2  unrepresented parties on this issue or any other issue, they are instructed to arrange for a
3  telephonic conference with the Court and all counsel as soon as is reasonably practical.  If
4  no such conference is arranged, it will be presumed that all counsel, their clients and any
5  unrepresented party believe that there is a reasonable, good faith opportunity for settlement,
6  and that the involvement of a settlement judge is needed to accomplish it.

DATED this 30th day of June, 2006.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge